Penny L. Koepke
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
480-833-1001
pkoepke@hoalaw.biz

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sid Naiman, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Local Search Group, LLC, a Florida limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sid Naiman ("Naiman" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Local Search Group, LLC ("LSG" or "Defendant") to: (1) stop its practice of placing calls using an "automatic telephone dialing system" and/or using "an artificial or prerecorded voice" to the cellular telephones of consumers nationwide without its prior express written consent, (2) enjoin Defendant from continuing to place prerecorded telephone calls to consumers who did not provide its prior written express consent to receive them, and (3) obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Defendant LSG is a company that offers search engine optimization ("SEO") services and related web-based services to consumers.[1]

2. Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote LSG's services and generate sales, Defendant conducted (and continue to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited, autodialed and pre-recorded voice message phone calls to consumers' phones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3. By making the prerecorded calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm and cognizable legal injury. This includes: (a) the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, (2) wear and tear on their telephones, (3) loss of battery life, (4) loss of value realized for monies consumers paid to its carriers for the receipt of such calls, and (5) the diminished use, enjoyment, value, and utility of its telephone plans. Furthermore, Defendant made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their phones, including the related data, apps, software, and hardware components.

4. The TCPA was enacted to protect consumers from prerecorded phone calls like those alleged and described herein. In response to Defendant' unlawful conduct, Plaintiff brings this action seeking injunctive relief requiring Defendant to cease all prerecorded telephone calling activities to telephones without first obtaining prior express consent required by the TCPA, as well as an award of statutory damages to the members of the Class under the TCPA, together with costs, pre and post-judgment interest, and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Sid Naiman is a natural person and resident of Scottsdale, Maricopa County, Arizona.

---

[1] https://www.localsearchgroupllc.com/

6. Defendant LSG is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 2188 W. Atlantic Ave. Delray Beach, FL 33445.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

8. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.* ("CAFA") because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Classed are aggregated. None of the exceptions to CAFA applies.

9. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, solicits consumers in this District and throughout the United States, made and continues to make unsolicited prerecorded calls to this District, and because the wrongful conduct giving rise to this case was directed to this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant, conducts a significant amount of business within this District and markets from this District. Further, the wrongful conduct giving rise to this case occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

11. Defendant is a company that offers SEO services to its customers and potential customers.

12. In recent years, companies such as Defendant have turned to unsolicited telemarketing as a way to increase their customer base. Widespread telemarketing is a primary method by which Defendant recruits new customers.

13. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

14. In violation of this rule, Defendant fails to obtain any prior express written consent to make these prerecorded telemarketing calls to residential telephone numbers.

15. In placing the calls that form the basis of this Complaint, Defendant LSG utilized an automatic telephone dialing system ("ATDS") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

16. Defendant also utilized a pre-recorded voice or voice message when making the calls.

17. At all times material to this Complaint, Defendant was and remains fully aware that unsolicited telemarketing calls are being made to consumers' telephones through its own efforts and its agents. All calls were made on behalf of, and for the benefit of, both Defendant.

18. Defendant LSG knowingly made (and continues to make) unsolicited telemarketing calls without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, it also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF SID NAIMAN**

19. On December 12, 2018, at approximately 2:27 p.m., Plaintiff received an unsolicited call from LSG on his cellphone. The call consisted of a pre-recorded message.

20. Plaintiff never provided his prior express written or oral consent to Defendant to call him.

21. The call was for the purpose of marketing Defendant's SEO services.

22. Plaintiff had never done any business with Defendant and had no existing business relationship.

23. By making unauthorized prerecorded calls as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of his phone, and caused wear and tear to the phone's hardware (including the phone's battery). In the present case, a consumer could be subjected to many unsolicited pre-recorded voice calls as the Defendant ignores the requirement of prior express written consent.

24. In order to redress these injuries, Plaintiff, on behalf of himself and the Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited pre-recorded voice calls to cell telephones.

25. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unlawful telemarketing activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ALLEGATIONS

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of the instant action to the date notice is sent to the Class who: (1) Defendant (or a third person acting on behalf of Defendant) made calls, (2) to the person's cellphone number, (3) using a pre-recorded voice or message, (4) for whom Defendant claims it obtained prior express consent to call in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

27. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents

have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate class discovery.

28. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made prerecorded calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records and by reference to other objective criteria.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

(b) whether Defendant obtained prior express consent to contact any class members using a pre-recorded voice;

(c) whether Defendant made the calls using a prerecorded voice or recorded message; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses

unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

31. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured. No governmental action has been brought covering this same Defendant and subject matter.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

32. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

33. Defendant made prerecorded calls to telephone numbers belonging to Plaintiff and other members of the Prerecorded No Consent Class without first obtaining prior express consent to receive such calls.

34. Defendant made the calls using a pre-recorded voice message.

35. Defendant's dialer also had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

36. By making the prerecorded calls to Plaintiff and the cellphone numbers of members of the Prerecorded No Consent Class without their prior express consent, and by utilizing pre-recorded voice message to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

37. The calls were for telemarketing purposes and announced the commercial availability of Defendant's hearing aid goods and services.

38. Neither Plaintiff nor any other member of the proposed Class had any established business relationship with either Defendant.

39. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

40. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

///

///

///

///

///

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Sid Naiman, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Sid Naiman as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3. Treble damages in case willful or knowing violations are proven;

4. An order declaring that Defendant's actions, as set out above, violate the TCPA;

5. An injunction requiring Defendant to cease all unsolicited pre-recorded calling activities and otherwise protecting the interests of the Class;

6. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

7. An award of pre- and post-judgment interest; and

8. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**SID NAIMAN**, individually and on behalf of a Class of similarly situated individuals

Dated: April 5, 2019

By: ______________________________

One of Plaintiff's Attorneys

Penny L. Koepke
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
480-833-1001
pkoepke@hoalaw.biz

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice applications to be filed*